RENDELL, Circuit Judge, dissenting.
By giving laser-like scrutiny to the phrases “job title” and “location,” and concluding that the absence of the term “group” or “department” is of critical significance, see Maj. Op. at 134-136, the majority casts aside a decade of practice that suggests, indeed, requires, that the concept of a “surplus” as used in Article VI, Section 1 of the CBA, when combined with the statement that Verizon “determines” the surplus, means or assumes application within a particular functional group or department. The mischief in which we engage undoes past practice entirely, declaring it verboten. Whereas *140 Verizon could previously deal with a surplus of analysts in the bookkeeping department to everyone’s satisfaction by offering ISP benefits solely to analysts within that department, it now can only remedy the situation by offering ISP benefits to all analysts, and only if there is a surplus of analysts overall at a given location, which may house ten or fifteen groups.
The majority’s opinion imposes a radically different business reality on Verizon and the workers; before we do so, we should make sure that the determination of surplus without the ability to consider the group or department was clearly contemplated and agreed upon. In American Cyanamid Co. v. Fermenta Animal Health Co., 54 F.3d 177 (3d Cir.1995), we noted the importance of language, but also of evidence that could inform meaning, and stated that “a text unambiguous when accorded the commonly understood meaning of its words cannot be disregarded unless the extrinsic evidence is such as might cause a reasonable fact finder to understand the text differently, ” id. at 182 (emphasis added). Here, we have such evidence. I, therefore, respectfully dissent, and would reverse and remand for a determination of the parties’ intent in order to understand the meaning of the provision in question. I cannot imagine that the meaning ascribed by the majority would prevail.